OPINION
On January 7, 1999, appellee, the Stark County Department of Human Services, filed a complaint for permanent custody of five minor children within the Newell family. Mother of the children is Ireaka Thomas. Alleged father of the children is Roosevelt Newell. An adjudicatory hearing was held on March 19, 1999. By decision filed March 24, 1999, the trial court found the children to be neglected. Dispositional hearings were held on March 24, 1999 and April 5, 1999. By judgment entry filed April 6, 1999, the trial court awarded permanent custody of the children to appellee. The trial court filed findings of fact and conclusions of law on same date. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE DECISION FOR PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 I
Appellant claims the trial court's decision was against the manifest weight and sufficiency of the evidence. We disagree. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. R.C. 2151.41.4(B) enables a trial court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child and any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
 (2) The child is abandoned and the parents cannot be located;
 (3) The child is orphaned and there are no relatives of the child who are able to take permanent custody.
R.C. 2151.41.4(E) requires the presentation of clear and convincing evidence that one or more of the listed factors exist as to each parent before an award of permanent custody can be made. Some of those factors are as follows:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
* * *
 (3) The parent committed any abuse as described in section 2151.03.1 of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03 of the Revised Code, or allowed the child to suffer any neglect as described in section 2151.03 of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody;
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
* * *
(16) Any other factor the court considers relevant.
Neither parent appeared at the permanent custody hearing or the dispositional hearing. T. at 4, 56. In a prior case involving the three oldest children, mother had successfully completed her case plan and the children were returned to her. T. at 14, 19. Appellant was to complete Goodwill Parenting classes, be evaluated and counseled by Quest Recovery Services, attend Choices, maintain steady employment and provide permanent housing. T. at 15-16. Appellant completed only one of the objectives of the case plan before he was incarcerated for domestic violence committed against mother. T. at 16-17. After appellant was released from prison, mother abandoned the children and went to Florida. T. at 14, 21. Thereafter, the complaint sub judice was filed with a new case plan. T. at 22-23. Mother never returned from Florida, participated in the case plan or had any contact with the children after the complaint was filed. T. at 23. Although mother had previously completed Goodwill Parenting classes, her voluntary absence from Ohio caused her to be unable to visit the children or provide support, food, clothing or shelter for them. T. at 23. The family service worker assigned to the case, Cynthia Moore, testified her contacts with appellant have been "very limited." T. at 24. During the dispositional hearing, it was established that all five children were normal developmentally and physically and were adoptable. T. at 39-42. It would be a priority to place the five children together, preferably with a relative. T. at 43-45. Based upon mother's abandonment and appellant's failure to complete the case plan, we find there was clear and convincing evidence to support the trial court's decision to grant permanent custody of the children to appellee. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By FARMER, J. GWIN, P.J. and WISE, J., concur.